## JOSHUA JENNISON vs. CHARLES F. STAFFORD.

A promise to forbear, for six months, to sue a third person, on a just cause of action, is a valid and sufficient consideration for a promissory note.

In a suit, by the payee against the maker, on a promissory note, given in considera tion of a promise to forbear to sue a third person for six months, the burden of proof is not on the payee, to show that he has forborne according to his promise, but on the maker, to show that he has not.

THIS case came before the court on exceptions taken to the rulings and instructions of the judge of the court of common pleas, before whom it was tried.

The bill of exceptions is as follows :

" This was an action of assumpsit. The writ contained the money counts, and also a specification of claim or bill of particulars, setting forth a note signed by defendant, dated· February 19th, 1845, whereby, for value received, he promised to pay to the plaintiff, or order, the sum of three hundred dollars in six months. And at the trial, the plaintiff offered the said note in evidence to prove his case.

" The defendant then contended that said note was given without consideration, and introduced evidence tending to show that no consideration for said promise did in fact exist.

" The plaintiff, then, to avoid the effect of the evidence of the defendant, alleged and introduced evidence to support his allegation, that the defendant had agreed to pay him the contents of said note at the time and in the manner therein set forth, if plaintiff would forbear to sue one J. C. Stafford, defendant's brother, on a demand for three hundred dollars, until the expiration of six months from said 19th day of February.

" There was evidence tending to show, that such forbearance on the part of the plaintiff would have been an actual benefit to defendant. There was evidence tending to show, that said J. C. Stafford had had some interest in property in New Hampshire, and also that said Stafford, during the whole of said term, was absent in Wisconsin, or some other of the Western States.

" The court ruled, that if the jury were satisfied, upon the whole evidence in the case, that there was such an agreement, and that such agreement was an actual benefit to defendant, it constituted a sufficient consideration for the note, and that plaintiff could maintain this action upon such agreement.

" It also appeared that the plaintiff agreed, that if defendant would pay the note in suit, plaintiff would discharge his said claim against J. C. Stafford.

" The defendant requested the judge to instruct the jury, that the burden of proof was, in the first instance, upon the plaintiff to show that he had so forborne to sue the said J. C. Stafford for said term of six months.

" But the judge refused to give such instructions, and ruled that it was for defendant to show that plaintiff had commenced a suit against said J. C. Stafford within said period."

*W. Sohier*, for the defendant.

*M. S. Clarke*, for the plaintiff.

METCALF, J. Though these exceptions are not wholly free from obscurity, we understand that they mean simply this : That it was ruled by the judge, that a promissory note, payable in six months from date, given in consideration of the payee's promise to forbear, for six months, to sue a third person on a just cause of action, is founded on a valid and sufficient consideration; and that, in a suit by the payee against the maker, to recover the amount of the note, the burden of proof is not on him to show that he has forborne according to his promise, but that it is for the maker to show that the payee has not so forborne.

Upon this understanding of the exceptions, we are of opinion that they cannot be sustained. The ruling as to the consideration of the note was clearly right. 1 Steph. N. P. 255. And we think the ruling as to the burden of proof was also right. It was, in effect, nothing more nor less than a ruling, that, in a suit to recover the sum mentioned in a promissory note, the burden of proving a failure of the con-

sideration of the note is on the maker, and not on the payee. Such a note is presumed to be founded on a valid and sufficient consideration, and the burden of proof is on the maker to establish the contrary. Chit. on Bills, (10th Amer. ed.) 68; Story on Notes, § 181. *A fortiori*, we think, is the burden on him to show a failure of the consideration. The argument of the defendant's counsel, on this point, would have been conclusive, if the plaintiff had brought an action on a promise by the defendant to pay a sum of money, in consideration that the plaintiff would forbear to sue the defendant's brother. In such action, the plaintiff must have averred, and must have proved in the first instance, that he had forborne according to his promise.

*Exceptions overruled.*